# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

_____

| | |
|---|---|
| CYNTHIA FORD, | CV 12-60-BU-JCL |
| Plaintiff, | |
| vs. | ORDER |
| CIGNA CORPORATION, CIGNA GROUP INSURANCE and LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendants. | |

_____

Plaintiff Cynthia Ford ("Ford") brings this action against Defendants CIGNA Corporation and CIGNA Group Insurance and Life Insurance Company of North America (collectively "CIGNA") seeking to recover long-term disability insurance benefits she claims are due her under an employee welfare benefit plan. plan. Ford asserts claims under Montana law and the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. § 1001 et seq. CIGNA moves to dismiss Ford's state law claims on ERISA preemption grounds. For the reasons set forth below, CIGNA's motion is granted.

**I.     Background**[1]

Ford's former employer, San Francisco Federal Savings & Loan Company, purchased a long-term disability policy (the "Plan") from CIGNA. Beginning in August 1994, Ford qualified for long-term disability benefits under the Plan.[2] CIGNA paid Ford long-term benefits under the Plan until October 2010, at which time it advised Ford that her claim had been closed and no further benefits were payable.

After an unsuccessful administrative appeal, Ford commenced this action in state court. In September 2012, CIGNA removed the case to this Court asserting federal question jurisdiction based on complete preemption under ERISA and, alternatively, diversity jurisdiction. Ford does not challenge the propriety of removal.

Ford's complaint expressly alleges a claim for benefits under § 502(a) of ERISA, and seeks compensatory and punitive damages under state law for alleged violations of Montana's Unfair Trade Practices Act, breach of contract, and breach

---

[1] The following facts are taken from the Complaint. Dkt. 8.

[2] It is undisputed that the Plan is an employee benefit plan within the meaning of ERISA. Ford has alleged as much, pleading her case as one brought, at least in part, under § 502(a) of ERISA "to recover benefits and monies due her under the [Plan]." Dkt. 8, at 2.

of the covenant of good faith and fair dealing. CIGNA has moved to dismiss Ford's state law claims on the ground that they are preempted by ERISA.

## II. Applicable Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether this standard is satisfied, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. Discussion

ERISA provides "a uniform regulatory regime over employee benefit plans" and "includes expansive preemption provisions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). There are two basic types of ERISA preemption: (1)

"conflict preemption" under § 514(a) of 29 U.S.C. § 1144(a); and (2) "complete preemption" under § 502(a) of ERISA, 29 U.S.C. § 1132(a). *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944-45 (9th Cir. 2009). "All of these preemption provisions defeat state-law causes of action on the merits." *Fossen*, 660 F.3d at 1107.

Conflict, or express preemption arises under § 514(a), which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Section 514(a) thus requires two things: (1) the policy or plan at issue must constitute an "employee benefit plan," and (2) the plaintiff's state law claims must "relate to" that employee benefit plan.

Complete preemption, on the other hand, applies in those "select cases where the preemptive force of federal law is so extraordinary that it converts state common law claims into claims arising under federal law for purposes of jurisdiction." *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). A state-law claim is completely preempted by ERISA § 502(a) if: (1) the plaintiff, at some point in time, could have brought the claim under § 502(a), and (2) "'there is no other independent legal duty that is implicated by a defendant's actions.'" *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660

F.3d 1102, 1107-08 (9th Cir. 2011) *(*quoting *Marin*, 581 F.3d at 946).

CIGNA invokes both of these preemption doctrines, arguing that Ford's state law claims are expressly preempted under § 514(a) and completely preempted under § 502(a). For the most part, Ford does not dispute that her state law claims are preempted under one or both of these provisions. Dkt. 13. She opposes CIGNA's motion to dismiss only as it relates to her claims under Montana's Unfair Trade Practices Act ("UTPA"). Dkt. 13.

CIGNA takes the threshold position that Ford's UTPA claims are completely preempted under § 502(a) because they are inconsistent with ERISA's exclusive remedial scheme. Ford's complaint alleges that CIGNA's conduct in terminating and denying her benefits under the Plan constituted "statutory bad faith and/or a violation of proper/legal claims handling rules, practices and/or policies...." Dkt. 8, at 7. Although Ford does not identify the statutory basis for her bad faith claims, she is evidently seeking relief under Mont. Code Ann. § 33-18-242 for allegedly improper claims handling and processing.

The Ninth Circuit has made clear that causes of action under Mont. Code Ann. § 33-18-242 for improper claims handling and processing are completely preempted under ERISA. *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1147 (9th Cir. 2003). It is well-established that ERISA provides the exclusive remedy

for loss or denial of benefits under an ERISA-governed plan. See e.g. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 56, 63-64 (1987).

As the Ninth Circuit recognized in *Elliot*, Mont. Code Ann. § 33-18-242 "provides damages above and beyond those provided in ERISA, including punitive damages." *Elliot*, 337 F.3d at 1147. Because a cause of action under Mont. Code Ann. § 33-18-242 for improper claims handling and processing "permit[s] remedies unavailable under ERISA," it is inconsistent with ERISA's exclusive remedial scheme and falls within the scope of § 502(a). *Fossen*, 680 F.3d at 1114 (citing *Elliot*, 337 F.3d at 1147).

Ford does not appear to dispute that her UTPA claims would be completely preempted under the rule set forth in *Elliot*, but argues that *Elliot* is no longer good law in light of *Fossen*. In *Fossen*, the Ninth Circuit held that a provision of the federal Health Insurance Portability and Accountability Act (HIPAA) completely preempted "Montana's 'little HIPAA' law...." *Fossen*, 680 F.3d at 1105, 1113. The plaintiffs in *Fossen* also asserted a claim of unfair discrimination in violation of Mont. Code Ann. § 33-18-206(2), which is part of Montana's UTPA. The Ninth Circuit held that plaintiffs' unfair discrimination claim was not completely preempted under § 502(a) because the restitutionary relief the plaintiffs sought

was "consistent with ERISA's enforcement scheme" and "because the state anti-discrimination rule [was] completely 'independent' of ERISA." *Fossen*, 660 F.3d at 1114.

But because *Fossen* did not involve a cause of action for claims handling and processing violations under the UTPA, it is distinguishable. In fact, the *Fossen* court alluded to this distinction when it cited *Elliot* for the proposition that a "Montana cause of action for claim-processing violation was preempted by § 502(a) because it permitted remedies unavailable under ERISA." *Fossen*, 660 F.3d at 1114 (citing *Elliot*, 337 F.3d at 1147). Unlike the unfair discrimination claim at issue in *Fossen*, Ford's UTPA claims are completely preempted under § 502(a) because they would allow for relief that is unavailable under ERISA and are inconsistent with ERISA's exclusive remedial scheme. *Elliot*, 337 F.3d at 1147.

Even if Ford's UTPA claims were not completely preempted under § 502(a), they would fall within the scope of § 514(a)'s more expansive conflict preemption provisions because they "relate to" an ERISA-governed employee benefit plan. "[A] common law claim 'relates to' an employee benefit plan governed by ERISA 'if it has a connection with or reference to such a plan.'" *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004)

(quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-56 (1995)). A claim can be said to have "reference to" an ERISA plan if it "is premised on the existence of an ERISA plan" and if "the existence of the plan is essential to the claim's survival." *Providence*, 385 F.3d at 1172.

Ford's UTPA claims are all premised on the underlying allegation that CIGNA wrongfully terminated and refused to pay her long-term disability benefits under the Plan. Ford's UTPA claims are thus premised on the existence of the Plan, without which CIGNA would have had no duty to pay benefits in the first place. See e.g. *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 n. 2 (9th Cir. 1992) (explaining that a claim "falls under ERISA's far reaching preemption clause" when the "underlying theory of the case revolves around the denial of benefits."). Because any liability CIGNA might have under Mont. Code Ann. § 33-22-242 derives entirely from its handling of Ford's disability benefit claims under the Plan, Ford's UTPA claims "relate to" the Plan and would therefore fall within the scope of § 514(a).

*Fossen* does not hold otherwise. While the *Fossen* court concluded that the anti-discrimination statute was exempt from § 514(a) preemption because it fell within ERISA's insurance savings clause, it said nothing about overturning the

longstanding principle that "insurance bad faith claims are preempted by ERISA" notwithstanding ERISA's savings clause. *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1008 (9th Cir. 1998). See also *Poffenbarger v. Hawaii Management Alliance Ass'n*, 2012 WL 3808419 *9 (D. Hawaii Aug. 31, 2012).

Because Ford's UTPA claims are preempted under ERISA, they fail to state a claim upon which relief may be granted and are properly dismissed.

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss State Law Claims Based on ERISA Preemption is GRANTED.

DATED this 27th day of November, 2012

Jeremiah C. Lynch
United States Magistrate Judge